[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 27, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12677
Non-Argument Calendar

_____

D. C. Docket No. 07-00132-CR-ORL-22-GJK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TARA MAGEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 27, 2009)

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Tara Magee appeals her conviction on one count of marriage fraud, in violation of 8 U.S.C. § 1325(c). On appeal, Magee argues the evidence was insufficient to sustain her conviction because it did not support a finding that she acted with knowledge that her conduct was unlawful. Magee also argues, for the first time on appeal, her conviction should be overturned because she received ineffective assistance of counsel at trial.

I.

Magee first contends the district court erred in denying her motion for judgment of acquittal. Specifically, she asserts the evidence was insufficient to sustain her conviction under § 1325(c) because the Government did not prove she entered the marriage with knowledge that her conduct was unlawful.

"We review de novo the denial of a motion for acquittal and the sufficiency of the evidence to sustain a conviction, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict." *United States v. Tampas*, 493 F.3d 1291, 1297–98 (11th Cir. 2007) (internal quotation marks omitted). "The jury is free to choose among alternative reasonable interpretations of the evidence, and the government's proof need not exclude every reasonable hypothesis of innocence." *Id.* at 1298 (citation and internal quotation marks omitted). "We affirm if a

2

reasonable juror could have concluded that the evidence established [Magee's] guilt beyond a reasonable doubt." *Id.*

Section 1325 of Title 8 of the U.S. Code provides, "Any individual who knowingly enters into a marriage for the purpose of evading any provision of the immigration laws shall be imprisoned for not more than 5 years, or fined not more than $250,000, or both." 8 U.S.C. § 1325(c).

This Circuit has not addressed whether the Government must prove a defendant entered a marriage with knowledge that her conduct was unlawful to sustain a conviction under § 1325(c). Two other circuits, however, have held the Government must establish a defendant knew her conduct was unlawful to obtain a conviction. *See United States v. Islam*, 418 F.3d 1125, 1128 (10th Cir. 2005) ("To convict an alien of marriage fraud, the Government must prove: (1) the alien knowingly entered into a marriage; (2) the marriage was entered into for the purpose of evading a provision of the immigration laws; and (3) the alien knew or had reason to know of the immigration laws. Under the third element, the Government must demonstrate the alien acted with knowledge that his conduct was unlawful." (citation omitted)); *United States v. Chowdhury*, 169 F.3d 402, 407 (6th Cir. 1999) (stating § 1325(c) required "the government prove that the defendant acted with an evil-meaning mind, that is to say that he acted with knowledge that

3

his conduct was unlawful" (internal quotation marks omitted)).

In this case, we need not decide whether the Government must prove a defendant entered a marriage with knowledge that her conduct was unlawful because under any construction of the statute, sufficient evidence supports Magee's conviction. First, Magee does not dispute she knowingly entered into a marriage with Ivan Khemenets, an illegal alien. Second, a reasonable jury could infer Magee knowingly entered the marriage with the purpose of evading immigration laws. As to this element, Magee herself testified the purpose of the marriage was so Khemenets could stay in and would not be removed from the United States. She also testified she met Khemenets the day of the marriage, received $1,000 at the wedding and was to receive $300 per month until he got his green card, never had an intimate relationship with him and never lived with him, and never intended to live with him as husband and wife. In addition, Magee admitted she was told she would have to get to know Khemenets because there would eventually be an immigration interview, and Khemenets testified he and Magee made plans to deceive immigration officials at the interview.

Finally, as to whether Magee knew her conduct was unlawful, the evidence showing Magee planned to deceive immigration officials in connection with the immigration interview and was marrying a stranger in exchange for money could

4

support a juror's finding that she knew her conduct was unlawful. Furthermore, Agent David Brown, when asked if Magee admitted knowing what she did was wrong, stated, "Yes, she did." This evidence was sufficient to enable a reasonable juror to conclude beyond a reasonable doubt that Magee knew her conduct was unlawful. See *Tampas*, 493 F.3d at 1298; *see also Islam*, 418 F.3d at 1128 ("The Government may prove knowledge by reference to facts and circumstances giving rise to an inference that the defendant knew he was violating the law."). Magee's testimony that she thought the marriage was legal does not alter this analysis, because the jury was free to disbelieve her, and such testimony could support the jury's contrary conclusion. *United States v. Williams*, 390 F.3d 1319, 1326 (11th Cir. 2004) ("Where some corroborative evidence of guilt exists for the charged offense . . . and the defendant takes the stand in her own defense, the Defendant's testimony, denying guilt, may establish, by itself, elements of the offense. This rule applies with special force where the elements to be proved for a conviction include highly subjective elements: for example, the defendant's intent or knowledge." (citation and internal quotation marks omitted)).

Because a reasonable juror could conclude the evidence established Magee was guilty of marriage fraud beyond a reasonable doubt, the evidence is sufficient to sustain her conviction under § 1325(c) and the district court did not err in

denying her motion for a judgment of acquittal.

## II.

Magee next argues her conviction should be overturned because she received ineffective assistance of counsel.

"Except in the rare instance when the record is sufficiently developed, we will not address claims for ineffective assistance of counsel on direct appeal." *United States v. Verbitskaya*, 406 F.3d 1324, 1337 (11th Cir. 2005). "Instead, an ineffective assistance of counsel claim is properly raised in a collateral attack on the conviction under 28 U.S.C. § 2255." *United States v. Merrill*, 513 F.3d 1293, 1308 (11th Cir. 2008) (internal quotation marks and alteration omitted); *see also Massaro v. United States*, 123 S. Ct. 1690, 1694 (2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance.").

We do not address Magee's claim that her trial counsel rendered constitutionally ineffective assistance because the record is not sufficiently developed to enable us to engage in the inquiry on direct appeal. Accordingly, we affirm the district court's denial of Magee's motion for a judgment of acquittal.

**AFFIRMED.**