**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-5251

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DMITRY DYUGAEV,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (2:10-cr-00068-RAJ-DEM-1)

Submitted:  June 29, 2011            Decided:  August 22, 2011

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Maureen Leigh White, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Alexandria, Virginia and Joseph E. DePadilla, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Dmitry Dyugaev of conspiracy to commit marriage fraud, in violation of 8 U.S.C. § 1325(c) (2006); to knowingly make false statements under oath relating to naturalization, in violation of 18 U.S.C.A. § 1015(a) (West 2006 & Supp. 2011); to present to any officer of the naval service a false claim, in violation of 18 U.S.C. § 287 (2006); and to unlawfully procure or attempt to procure naturalization of a person or citizenship, in violation of 18 U.S.C. § 1425(a) (2006), all in violation of 18 U.S.C. § 371 (2006). The district court sentenced Dyugaev to time served plus three years of supervised release and he now appeals. For the reasons that follow, we affirm.

Dyugaev first argues that the district court erred in denying his motion to dismiss based on the statute of limitations. For federal offenses, "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282 (2006). "A prosecution for conspiracy is timely if, during some portion of the limitations period, (1) the agreement between the conspirators was in existence; and (2) at least one overt act in furtherance of that conspiratorial agreement occurred." United States v. United

2

Med. & Surgical Supply Corp., 989 F.2d 1390, 1398 (4th Cir. 1993) (citing Grunewald v. United States, 353 U.S. 391, 396-97 (1857)). Therefore, the government need only prove that "at least one overt act in furtherance of the conspiracy occurred within five years of the indictment." United Med., 989 F.2d at 1398 (citations omitted); see also United States v. Head, 641 F.2d 174, 177 (4th Cir. 1981) (noting general rule that government must prove an overt act in furtherance of the conspiracy committed within limitations period). We have thoroughly reviewed the record and conclude that the district court did not err in holding that the prosecution was not barred by the statute of limitations.

Dyugaev next argues that there was insufficient evidence to support the conviction. We review a district court's decision to deny a Fed. R. Crim. P. 29 motion for a judgment of acquittal de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" Smith, 451 F.3d at 216 (citations omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and

3

sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and citation omitted). Furthermore, "[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks and citation omitted).

To sustain a conviction for conspiracy to commit marriage fraud under 8 U.S.C. § 1325(c), the Government had to prove that (1) Dyugaev knowingly and voluntarily entered into an agreement to enter into a marriage; (2) the marriage was entered into for the purpose of evading a provision of the immigration law; and (3) Dyugaev knew or had reason to know of the immigration laws. See United States v. Islam, 418 F.3d 1125, 1128 (10th Cir. 2005); see also United States v. Chowdhury, 169 F.3d 402, 405-06 (6th Cir. 1999). Our review of the record leads us to conclude that there was substantial evidence from which the jury could conclude that Dyugaev committed the charged offense.

Finally, Dyugaev argues that the district court erred in admitting evidence that he had a fraudulent social security card when he was arrested pursuant to Fed. R. Evid. 404(b). We

4

review a district court's determination of the admissibility of evidence under Rule 404(b) for abuse of discretion. United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). An abuse of discretion occurs only when "the [district] court acted arbitrarily or irrationally in admitting evidence." United States v. Williams, 445 F.3d 724, 732 (4th Cir. 2006) (internal quotation marks and citation omitted). Rule 404(b) prohibits the admission of "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Such evidence is "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake." Id. Rule 404(b) is an inclusionary rule, allowing evidence of other crimes or acts to be admitted, except that which tends to prove only criminal disposition. See Queen, 132 F.3d at 994-95.

For such evidence to be admissible, it must be "(1) relevant to an issue other than the general character of the defendant; (2) necessary to prove an element of the charged offense; and (3) reliable." United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004) (citing Queen, 132 F.3d at 997). Additionally, the probative value of the evidence must not be substantially outweighed by its prejudicial effect. Id. (citing Fed. R. Evid. 403). "Prejudice, as used in Rule 403,

5

refers to evidence that has an 'undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" Queen, 132 F.3d at 994 (citations omitted). The district court did not abuse its discretion in admitting the social security card as it was relevant and necessary to proving Dyugaev's intent to commit the offense, and its probative value was not substantially outweighed by its prejudicial effect.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

6