[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15364
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20308-MGC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

YUNIER MORENO ROJAS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 20, 2013)

Before WILSON, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Yunier Moreno Rojas appeals the district court's denial of his motion to dismiss his marriage fraud indictment on statute of limitations grounds.  On April 27, 2012, the grand jury indicted Rojas and his wife, Soledad Marino, on charges of marriage fraud, in violation of 8 U.S.C. § 1325(c), and making a false, fictitious, or fraudulent statement to the Department of Homeland Security (DHS), in violation of 18 U.S.C. § 1001(a)(2).  Rojas contends that the government indicted him for marriage fraud outside of the five-year statute of limitations, which began to run on April 23, 2007, the date that he and Marino were married.  After a thorough review, we conclude that the plain meaning of § 1325(c) dictates that the crime of marriage fraud is complete on the date of marriage and, as a result, the government's indictment was time-barred.  The district court therefore abused its discretion in denying Rojas's motion to dismiss, and we now reverse.

## I.   BACKGROUND FACTS

In May 2009, United States Immigration and Customs Enforcement (ICE) received an "Application to Register Permanent Residence or Adjust Status" and an "Application for Employment Authorization" from Marino, an Argentinian citizen with no legal status in the United States and who had overstayed her nonimmigrant visa.  Marino claimed that she was the wife of a Cuban native or citizen of the United States, and named Rojas as her husband.  She also submitted a copy of the marriage license, which stated what she and Rojas were married on

2

April 23, 2007.  In support of Marino's application for permanent residence, both she and Rojas submitted immigration forms listing addresses where they had allegedly resided together since the date of their marriage.

ICE investigators conducted a joint initial interview of Rojas and Marino on August 24, 2009.  Due to certain discrepancies in the couple's supporting documentation and in answers given during the course of the interview, the investigators decided to interview Rojas and Marino separately.  On September 18, 2009, during separate interviews, investigators questioned Rojas and Marino about their marriage and the two gave inconsistent answers.  When the investigator stated his suspicion that the marriage was fraudulent, both Rojas and Marino independently admitted to the fraud.  Rojas ultimately signed a sworn statement admitting that the marriage was a fraud, that he and Marino were merely friends, and that he had entered into the marriage to help her obtain United States residency.

The government indicted Rojas and Marino on April 27, 2012.  Rojas and Marino moved to dismiss the indictment, arguing, *inter alia*, that the indictment was untimely as to the marriage fraud count because it was filed more than five years after April 23, 2007, the date that the couple married.  After a hearing, the district court denied the motion.  The government later dismissed the charges against Marino and proceeded to trial against Rojas on the marriage fraud count.

3

Rojas was convicted and sentenced to 24 months' probation. This appeal followed.

## II.  DISCUSSION

We review the district court's denial of a motion to dismiss an indictment for abuse of discretion, but the interpretation and application of a statute of limitations is a legal question that we review de novo. *United States v. Torres*, 318 F.3d 1058, 1061 n.6 (11th Cir. 2003). The interpretation of a criminal statute is a question of law that we also review de novo. *United States v. Murrell*, 368 F.3d 1283, 1285 (11th Cir. 2004).

Under § 1325(c), marriage fraud is committed by "[a]ny individual who knowingly enters into a marriage for the purpose of evading any provision of the immigration laws." 8 U.S.C. § 1325(c). Because § 1325(c) does not reference a specific statute of limitations, the statute of limitations is five years. *See* 18 U.S.C. § 3282(a) ("Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."). "Statutes of limitations normally begin to run when the crime is complete." *United States v. Gilbert*, 136 F.3d 1451, 1453 (11th Cir. 1998) (internal quotation marks omitted).

The government argues, as it did below, that although the five-year statute of limitations does apply to Rojas's offense, his crime was not complete and the statute of limitations did not begin to run until Rojas and Marino interviewed with immigration officials on August 24, 2009, at which time the officials became aware of the fraud.[1] Rojas maintains that the crime was complete on April 23, 2007, the date that the couple married.

The starting point for statutory interpretation purposes "is the language of the statute itself." *United States v. Zuniga-Arteaga*, 681 F.3d 1220, 1223 (11th Cir. 2012) (internal quotation marks omitted). "[W]e analyze the language of the provision at issue, the specific context in which that language is used, and the broader context of the statute as a whole." *Id.* Our inquiry is complete if "the provision has a plain and unambiguous meaning with regard to the particular dispute in the case and the statutory scheme is coherent and consistent." *Id.* (internal quotation marks omitted). "[W]hen the import of the words Congress has used is clear . . . we need not resort to legislative history, and we certainly should not do so to undermine the plain meaning of the statutory language." *CBS Inc. v.*

---

[1] In portions of its brief, the government maintains that "the unlawful purpose . . . was not manifested until, at the earliest, May 2009, when Marino and Rojas signed immigration forms documenting the fraudulent marriage in support of Marino's application for adjustment status." However, the government officially submits August 24, 2009, as the date the crime was completed.

*PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1222 (11th Cir. 2001) (alterations in original) (internal quotation marks omitted).

The United States Supreme Court has stated that statutes of limitations "are to be liberally interpreted in favor of repose." *Toussie v. United States*, 397 U.S. 112, 115, 90 S. Ct. 858, 860 (1970) (internal quotation marks omitted). "A statute-of-limitations defense does not call the criminality of the defendant's conduct into question, but rather reflects a policy judgment by the legislature that the lapse of time may render criminal acts ill suited for prosecution." *Smith v. United States*, __ U.S. __, 133 S. Ct. 714, 720 (2013). "Congress has declared a policy that the statute of limitations should not be extended except as otherwise expressly provided by law." *Toussie*, 397 U.S. at 115, 90 S. Ct. at 860 (alteration and internal quotation marks omitted).

In this case, the district court abused its discretion in denying Rojas's motion to dismiss the indictment. To prove marriage fraud, the government must show that (1) the defendant knowingly entered into a marriage (2) for the purpose of evading any provision of the immigration laws.[2] *See* 8 U.S.C. § 1325(c). It is undisputed that Rojas and Marino married on April 23, 2007. It is likewise

---

[2] We have not addressed whether the government must also prove an additional element, required by some circuits, that the defendant entered the marriage with knowledge that the conduct was unlawful. *See, e.g.*, *United States v. Chowdhury*, 169 F.3d 402, 407 (6th Cir. 1999) (holding that § 1325(c) requires the government to prove that the defendant knew his conduct was unlawful). We decline to address this question because whether Rojas knew his conduct was unlawful does not affect our analysis of when the crime was completed.

undisputed that Rojas, at the time he entered into the marriage, did so for the purpose of violating the immigration laws—namely, using the marriage to adjust Marino's immigration status.  Filing for immigration benefits may serve as circumstantial evidence of the defendant's unlawful purpose and may lead, as it did in this case, to charges and prosecution for making a false, fictitious, or fraudulent statement to DHS, in violation of 18 U.S.C. § 1001(a)(2).  The plain language of the marriage fraud statute, however, cannot plausibly be read to require that a defendant take the additional step of filing for immigration benefits in order for the crime to be complete.[3]

Moreover, contrary to the district court's finding, nothing in the text of § 1325(c) compels the conclusion that Congress intended marriage fraud to be a continuing offense.  "A continuing offense is one which is not complete upon the first act, but instead continues to be perpetrated over time."  *United States v. De La Mata*, 266 F.3d 1275, 1288 (11th Cir. 2001).  We construe such offenses narrowly "[b]ecause the continuing offense doctrine extends the statute of limitations."  *Id.* at 1288–89 (citing *Toussie*, 397 U.S. at 114–15, 90 S. Ct. at 860).  "Thus, offenses should not be considered continuing unless the explicit language of the . . . statute

---

[3] The government points to an unpublished Fourth Circuit opinion, which held that it is not an abuse of discretion to use the date that a defendant submitted applications to immigration officials as the date of completion of the § 1325(c) marriage fraud offense in the charge to the jury. *See United States v. Khalaf*, 390 F. App'x 216, 221–22 (4th Cir. 2010) (per curiam). However, that opinion does not speak directly to the issue we confront here and, in any event, is not controlling authority in this circuit.

compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing [offense]." *Id.* at 1289 (alterations in original) (internal quotation marks omitted). Here, Congress's use of the phrase "enters into" in the explicit language of the statute—an act that can only occur on the singular date that a marriage takes place—upends the district court's conclusion that marriage fraud is a continuing offense.

Accordingly, because Rojas entered into a marriage with the purpose of evading the immigration laws on April 23, 2007, he completed the crime of marriage fraud on that date, more than five years before the government filed the indictment. Based on its erroneous interpretation of the statute of limitations and the date of the crime's completion under § 1325(c), the district court abused its discretion when it denied Rojas's motion to dismiss. We therefore reverse the district court and remand for proceedings not inconsistent with this opinion.

**REVERSED AND REMANDED.**

8