[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11077

_____

D.C. Docket No. 6:12-cr-00176-ACC-GJK-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARLON JIMENEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 20, 2014)

Before MARTIN and DUBINA, Circuit Judges and DUFFY,[*] District Judge.

PER CURIAM:

---

[*] Honorable Patrick Michael Duffy, United States District Judge for the District of South Carolina, sitting by designation.

Appellant/Defendant, Marlon Jimenez ("Jimenez"), appeals his conviction for marriage fraud in violation of 8 U.S.C. § 1325(c), claiming that the district court erred in failing to instruct the jury on a third element of the crime, specifically, that the jury was required to find that Jimenez entered into the marriage with the knowledge that his conduct was unlawful.  This circuit has not specifically resolved the question regarding the knowledge element under this statute.

We review *de novo* jury instructions challenged in the district court "to determine whether the instructions misstated the law or misled the jury to the prejudice of the objecting party."  *United States v. House*, 684 F.3d 1173, 1196 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 1633 (2013) (internal quotation marks omitted).  "Jury instructions are subject to harmless error review."  *Id.* at 1196-97 (quoting *United States v. Webb*, 655 F.3d 1238, 1249 n.8 (11th Cir. 2011)).  In a harmless error analysis, the Government has the burden to show "beyond a reasonable doubt that the error complained of did not contribute" to the verdict.  *United States v. Davis*, 407 F.3d 1269, 1271 (11th Cir. 2005) (internal quotation marks omitted).  We will reverse the district court because of an erroneous instruction only if we are "left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations."  *United States v. Felts*, 579 F.3d 1341, 1343 (11th Cir. 2009) (internal quotations marks omitted).

2

As an initial matter, the Government argues that Jimenez did not preserve his challenge to the jury instruction in the district court.  The Government's contention is without merit.

Before jury selection, defense counsel mentioned to the district court that there was some question regarding whether the jury instructions should contain a knowledge element under 8 U.S.C. § 1325(c) that the Government must prove in order for the jury to find Jimenez guilty.  Additionally, at the conclusion of the trial, defense counsel stated that jury instruction A7 should contain another element: that the defendant knew that the conduct in question was unlawful.  Thus, we conclude that the issue was properly preserved for appellate review.

We note that several circuits have determined that in order to secure a conviction under the marriage fraud statute, the Government is required to prove that the defendant knew that the conduct in question was unlawful.  *See United States v. Dyugaev*, 443 F. App'x 810, 812 (4th Cir. 2011); *United States v. Yang*, 603 F.3d 1024, 1026 (8th Cir. 2010); *United States v. Islam*, 418 F.3d 1125, 1128 (10th Cir. 2005); *United States v. Chowdhury*, 169 F.3d 402, 407 (6th Cir. 1999). However, in a recent unpublished opinion, this circuit posited that there were two prongs the Government must prove to convict a defendant of marriage fraud under 8 U.S.C. § 1325(c): (1) that the defendant "knowingly entered into a marriage[;] and (2) the marriage was for the purpose of evading any provision of the

3

immigration laws." *United States v. Khidirov*, 538 F. App'x 877, 880 (11th Cir. 2013). In another case, this circuit determined that it did not have to decide whether the Government must prove a defendant entered into a marriage with knowledge that his conduct was unlawful because, under any construction of the statute, sufficient evidence supported the conviction. *See United States v. Magee*, 315 F. App'x 882, 884 (11th Cir. 2009). *See also United States v. Rojas*, 718 F.3d 1317, 1320 n.2 (11th Cir. 2013) (addressing the statute of limitations under the statute and declining to consider whether the Government must also prove a knowledge element because it was irrelevant to the disposition of the case).

Likewise, we need not decide whether a third element is necessary under the marriage fraud statute because, under any construction of the statute, sufficient evidence supports Jimenez's conviction. The Government presented evidence that Jimenez knowingly entered into the fraudulent marriage for the purpose of securing immigration benefits, and Jimenez knew that the marriage was fraudulent because his friend paid someone to find a United States citizen for Jimenez to marry. Additionally, there was evidence that Jimenez entered into the marriage without the intent to live with this individual as husband and wife. Accordingly, we find no error in the district court's instruction to the jury, and we affirm Jimenez's conviction.

AFFIRMED.