[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14975
Non-Argument Calendar

_____

D.C. Docket No. 5:11-cr-00042-RS-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AVINIE MAURICE BATES, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 28, 2014)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

A jury convicted Avinie Maurice Bates, III, of conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343, 1349.  Bates was charged with engaging in a type of mortgage fraud known as an "equity-strip."  The indictment alleged that Bates used his real estate investment company to purchase properties from sellers at negotiated sales prices.  Before closing on the properties, Bates and his co-conspirators would assign the contracts to straw buyers, who would take out mortgages to purchase the properties based on inflated prices.  In each instance, the seller was then paid the original sales price, and Bates and his co-conspirators kept the difference between the original sales price and the higher mortgage amount that they received based on the falsely inflated sales price.

Bates argues on appeal that the indictment was filed outside of the statute of limitations, because he withdrew from the conspiracy more than five years before the indictment was filed.  He also asserts that the evidence at trial showing he withdrew establishes a material variance from the indictment.  Upon review, we affirm.

## I.

We review de novo the interpretation and application of a statute of limitations.  United States v. Rojas, 718 F.3d 1317, 1319 (11th Cir. 2013).  Generally, an indictment or information must be instituted within five years of the commission of a non-capital offense.  18 U.S.C. § 3282(a).  Relevant to this case, a

2

conspiracy is considered to have continued for as long as its purposes have not been accomplished, or until the last overt act has been committed by any of the conspirators. United States v. Arias, 431 F.3d 1327, 1340 (11th Cir. 2005).

"However, if a conspirator establishes the affirmative defense of withdrawal, the statute of limitations will begin to run at the time of withdrawal." Id. A defendant seeking to establish the affirmative defense of withdrawal from the conspiracy has the substantial burden of proving that: (1) he took affirmative steps, inconsistent with the objectives of the conspiracy, to disavow or to defeat the objectives of the conspiracy; and (2) he made a reasonable effort to communicate those acts to his co-conspirators or disclosed the scheme to the proper authorities. United States v. Starrett, 55 F.3d 1525, 1550 (11th Cir. 1995). The defense is not available if the defendant merely ceased his participation in the conspiracy. United States v. Hogan, 986 F.2d 1364, 1375 (11th Cir. 1993).

Our review of the record shows that Bates did not establish he withdrew from the conspiracy. Therefore the statute of limitations did not run prior to the return of the indictment. The only evidence offered by Bates of his withdrawal is a letter sent to the Florida Secretary of State's office indicating his resignation as an officer of the real estate investment company implicated in the conspiracy. But again, mere cessation of participation in the conspiracy is not sufficient to establish withdrawal. See Hogan, 986 F.2d at 1375. Bates has not identified any evidence

that he took affirmative steps to disavow or defeat the objectives of the conspiracy, or shown that he made a reasonable effort to communicate those acts to his co-conspirators or disclose the scheme to the police. See Starrett, 55 F.3d at 1550. Because the evidence only shows that Bates ceased participating, not that he withdrew from the conspiracy, the charge against Bates was not barred by the statute of limitations.

## II.

We also reject Bates's second argument that there was a material variance between the evidence at trial and the indictment. In determining whether a material variance occurred a court considers (1) whether the evidence at trial established facts materially different than those charged in the indictment; and (2) whether the defendant suffered substantial prejudice as a result. United States v. Lander, 668 F.3d 1289, 1295 (11th Cir. 2012).

Contrary to Bates's argument, the evidence at trial did not establish facts materially different from those charged in the indictment. The indictment charged that the conspiracy lasted until December 12, 2006, and the evidence showed that payments were made in furtherance of the conspiracy on December 13, 2006. Because, as discussed above, Bates failed to establish that he withdrew from the conspiracy before the final December 13, 2006 payments, he has failed to demonstrate a material variance.

4

III.

Because Bates failed to demonstrate that he withdrew from the conspiracy and did not show the evidence at trial was materially different from the facts alleged in the indictment, we **AFFIRM.**