[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12364
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20482-UU-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUERLINE BETHEL,
a.k.a. Guerline Prophete,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 19, 2015)


Before HULL, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Guerline Bethel appeals her conviction for marriage fraud, in violation of 8 U.S.C. § 1325(c) and 18 U.S.C. § 2. She argues that the court erred by denying her motions for acquittal on this charge. She also argues that the court abused its discretion by issuing an *Allen*[1] charge and denying her motion for a new trial.

I.

We review the denial of a motion for acquittal *de novo*. *United States v. Hernandez*, 433 F.3d 1328, 1332 (11th Cir. 2005). We review the sufficiency of the evidence supporting a conviction *de novo*. *Id.* All factual and credibility inferences are made in favor of the government. *United States v. Cooper*, 203 F.3d 1279, 1285 (11th Cir. 2000).

The evidence is sufficient to support a conviction if "a reasonable trier of fact, choosing among reasonable interpretations of the evidence, could find guilt beyond a reasonable doubt." *United States v. Diaz-Boyzo*, 432 F.3d 1264, 1269 (11th Cir. 2005). "The evidence does not have to exclude every reasonable hypothesis of innocence." *Hernandez*, 433 F.3d at 1334-35 (quotation omitted).

---

[1] *Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

2

The jury may choose between reasonable constructions of the evidence. *Id* at 1334. When the government relies on circumstantial evidence to prove an element of the offense, reasonable inferences from the evidence must support the conviction, not mere speculation. *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011).

"To prove marriage fraud, the government must show that (1) the defendant knowingly entered a marriage (2) for the purpose of evading any provision of the immigration laws." *United States v. Rojas*, 718 F.3d 1317, 1320 (11th Cir. 2013). The government does not need to produce direct evidence of a defendant's state of mind to obtain a fraud conviction, as criminal intent can be proved through circumstantial evidence. *United States v. Hawkins*, 905 F.2d 1489, 1496 (11th Cir. 1990). A defendant's intent may be inferred from his conduct. *United States v. Maxwell*, 579 F.3d 1282, 1301 (11th Cir. 2009). For example, we have stated that a defendant's subsequent filing for immigration benefits can serve as circumstantial evidence that he entered a marriage for the unlawful purpose of evading the immigration laws. *See Rojas*, 718 F.3d at 1320.

The government presented sufficient evidence for a reasonable jury to conclude that Bethel committed marriage fraud. [2] Bethel does not contest that she

---

[2] A testifying defendant was acquitted at the same trial. But inconsistent verdicts are not subject to reversal merely because they are inconsistent. *See United States v. Wright,* 63 F.3d 1067, 1073 (11th Cir. 1995).

3

knowingly married Courtney Bethel.  Several pieces of circumstantial evidence support a reasonable inference that she entered the marriage to evade the immigration laws.  For example, she applied for permanent residency less than two months after the marriage, she paid Courtney Bethel $2,750 on the day of the marriage, and several documents indicated that they did not reside together during the marriage.  From this conduct, the jury could have reasonably inferred Bethel's unlawful intent to evade the immigration laws; and thus, the government provided sufficient evidence to support the marriage fraud conviction.  *See Maxwell*, 579 F.3d at 1301.  Therefore, the district court did not err by denying Bethel's motions for acquittal.

## II.

We review an *Allen* charge for an abuse of discretion.  *United States v. Woodard*, 531 F.3d 1352, 1364 (11th Cir. 2008).  A district court only abuses its discretion if it gives an inherently coercive *Allen* charge.  *Id.*

An *Allen* charge instructs a deadlocked jury to undertake further efforts to reach a verdict.  *United States v. Bush*, 727 F.3d 1308, 1311 n.1 (11th Cir. 2013).  When assessing an *Allen* charge, we consider the language of the charge and the surrounding circumstances, such as whether the jury was polled prior to the charge,

and the amount of time between the delivery of the charge and the verdict. *Woodard*, 531 F.3d at 1364.  We consistently have approved the use of a pattern *Allen* charge.  *Id.*  Circumstances and context are important. We have previously concluded that an *Allen* charge was not coercive when it was given after four hours of deliberation and the jury stated that it was "at a stalemate."  *See Bush*, 727 F.3d at 1320-21.

In this case, the district court did not issue a coercive *Allen* charge.  The timing of the charge was not inherently coercive.  The jury had deliberated for approximately five and a half hours before the charge was issued, and the jury informed the court twice that it could not reach a unanimous verdict.  Furthermore, the jury deliberated for three hours after the *Allen* charge, indicating that the charge was not really coercive.  The charge's wording was almost identical to the pattern *Allen* charge that we have consistently approved.  *See Woodard*, 531 F.3d at 1364. The use of the *Allen* charge, in this case, was not coercive.  The district court did not abuse its discretion in giving it.

## III.

We normally review the denial of a motion for a new trial for an abuse of discretion.  *Hernandez*, 433 F.3d at 1336.  But we will not consider an argument

5

raised for the first time in a reply brief.  *United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004).

Bethel raised her argument on the denial of her motion for a new trial in her reply brief.  Therefore, we will not consider the issue.

**AFFIRMED.**

6