# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3179
_____

Chaudhry Ashraf

*Petitioner*

v.

Loretta E. Lynch, Attorney General of United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: November 16, 2015
Filed: April 22, 2016

_____

Before COLLOTON, GRUENDER, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Chaudhry Ashraf, a native and citizen of Pakistan, petitions for review of a decision by the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's ("IJ") decision finding him removable as an alien who was convicted of a crime involving moral turpitude committed within five years of his admission to the United States under 8 U.S.C. § 1227(a)(2)(A)(i). We deny the petition for review.

# I.

Ashraf was born in Pakistan and came to the United States in the mid-1990s. On August 22, 1999, Ashraf married Rhonda Sperry, a United States citizen. He received a conditional green card based on that marriage on September 8, 2000, which is considered his date of admission to the United States. See 8 U.S.C. § 1186a(a)(1). On July 13, 2002, Ashraf and Sperry signed and later submitted a Petition to Remove the Conditions on Residence ("Form I-751") to the former Immigration and Naturalization Service, now the Department of Homeland Security ("DHS"). Ashraf and Sperry divorced on October 28, 2004. It is undisputed that Ashraf's marriage to Sperry was a "sham marriage."

On September 24, 2007, the government charged Ashraf with conspiracy to commit marriage fraud in violation of 18 U.S.C. § 371 in the United States District Court for the Western District of Missouri. The criminal information charged Ashraf with knowingly and intentionally conspiring with other individuals to enter into marriages for the purpose of evading immigration laws, to submit false Petitions for Alien Relative visas ("I-130"), and to submit false Form I-751 petitions. Ashraf conspired with at least four other Pakistanis in formulating the plan to enter into sham marriages with United States citizens for those unlawful immigration purposes. Ashraf pled guilty to conspiracy to commit marriage fraud in violation of 18 U.S.C. § 371, specifically admitting that "[b]etween August 22, 1999 and October 28, 2004, in Kansas City, Missouri, [Ashraf] entered into an agreement with other Pakistani nationals and [Sperry] to become married for the purpose of evading the immigration laws." Pursuant to the plea agreement, Ashraf was convicted of the offense of conspiracy to commit marriage fraud in violation of 18 U.S.C. § 371 and 8 U.S.C. § 1325(c) and sentenced to two years probation. The judgment indicated that Ashraf's offense concluded on July 13, 2002.

On April 18, 2011, Ashraf was charged with removability under 8 U.S.C. § 1227(a)(2)(A)(i) as an alien who has been convicted of a crime involving moral turpitude committed within five years after his admission. He was also charged with removability under 8 U.S.C. § 1227(a)(1)(G)(ii) as an alien who procured his visa by fraud. When the IJ heard his case, the sole issue was whether Ashraf was removable under 8 U.S.C. § 1227(a)(2)(A)(i), a ground of removability for which there is no waiver available under the circumstances of Ashraf's case. Ashraf did not dispute that conspiracy to commit marriage fraud constituted a crime involving moral turpitude. His sole argument was that the crime was not committed within five years after his admission to the United States.

The IJ issued an oral decision, concluding Ashraf's conspiracy to commit marriage fraud occurred within five years after his admission on September 8, 2000, thus Ashraf was removable under 8 U.S.C. § 1227(a)(2)(A)(i). Specifically, the IJ concluded that it was not only Ashraf's marriage on August 22, 1999, but also his knowing and intentional conspiracy with other people to enter into marriages to evade immigration laws spanning from August 22, 1999 through October 28, 2004, that led to his guilty plea. The IJ also found that Ashraf became a permanent resident only after the conditions on his lawful permanent resident status were removed pursuant to his I-751 petition signed on July 13, 2002. Ashraf appealed the IJ's decision to the BIA. The BIA affirmed the IJ's determination that Ashraf's offense occurred within five years of his admission as a conditional lawful permanent resident and that Ashraf was removable as charged. Ashraf then filed this review petition.

II.

"In an appeal from the BIA, we review the BIA's fact-findings for substantial evidence, and we review its legal determinations, as well as any constitutional challenges, de novo." Banat v. Holder, 557 F.3d 886, 889 (8th Cir. 2009) (citing Ntangsi v. Gonzales, 475 F.3d 1007, 1011-12 (8th Cir. 2007)). Where the BIA adopts

the reasoning of the IJ, this Court reviews the IJ's decision as well.  Id.  Ashraf does not deny that his 2008 conviction for conspiracy to commit marriage fraud in violation of 18 U.S.C. § 371 and 8 U.S.C. § 1325(c) constitutes a crime involving moral turpitude.  Rather, Ashraf argues the BIA erred in finding the conspiracy to commit marriage fraud extended to the time he filed the I-751 petition.

Ashraf contends his crime was completed on the date of his marriage, August 22, 1999, which was prior to his admission to the United States.  The government contends the conspiracy continues through the date of the last overt act in furtherance of the conspiracy and that the last overt act in this case occurred on July 13, 2002, when Ashraf submitted the I-751 petition.  Therefore, the government asserts the BIA correctly concluded that the conspiracy continued through July 13, 2002, which is within five years of Ashraf's admission to the United States on September 8, 2000.

Essentially, Ashraf argues the marriage was the last overt act of the conspiracy to commit marriage fraud.  In support of this contention, Ashraf relies upon the Eleventh Circuit case United States v. Rojas, 718 F.3d 1317 (11th Cir. 2013).  In Rojas, the Eleventh Circuit held the crime of marriage fraud, under 8 U.S.C. § 1325(c), is completed on the date the parties enter into the marriage.  718 F.3d at 1320.  Ashraf argues that, based on Rojas, marriage fraud cannot be considered a continuing offense and that any actions taken after the date of the marriage are "merely circumstantial evidence of the unlawful purpose underlying the reason for getting married," so these actions do not further the actual crime of marriage fraud. Finally, Ashraf claims that he was not part of a larger conspiracy to commit marriage fraud that could possibly extend the relevant dates of the conspiracy.

Rojas has no bearing on the present case because it involved only the crime of marriage fraud under 8 U.S.C. § 1325(c), while Ashraf pleaded guilty to the entirely separate crime of conspiracy to commit marriage fraud in violation of 18 U.S.C. § 371.  It is well settled that conspiracy is a continuing offense that continues through

-4-

the last overt act committed in furtherance of the conspiracy. See United States v. Bennett, 765 F.3d, 887, 895 (8th Cir. 2014); United States v. Farmer, 73 F.3d 836, 841 (8th Cir. 1996); United States v. Garfinkel, 29 F.3d 1253, 1259-60 (8th Cir. 1994). We therefore turn to the issue of what actions taken by Ashraf constituted overt acts in furtherance of the conspiracy as set forth in the Indictment. The First Circuit recently considered a similar case in which a defendant was convicted of conspiracy to defraud the United States by participating in a sham marriage to secure a change in immigration status for her spouse. United States v. Stewart, 744 F.3d 17, 18 (1st Cir. 2014). Reasoning that the Form I-751 "was a necessary step in achieving the conspiratorial objective of helping [the noncitizen] acquire an immigration status to which he would not otherwise have been entitled," the First Circuit explicitly found that the defendant's submission of the I-751 petition was an overt act in furtherance of the conspiracy. Id. at 23.

We find the First Circuit's reasoning persuasive and hold that Ashraf's submission of the I-751 petition constituted an overt act in furtherance of his conspiracy to commit marriage fraud, thereby extending his conspiracy crime to a date within five years of his admission to the United States. See Bennett, 765 F.3d at 895 (reiterating that the limitations period for a conspiracy charge begins to run from the last overt act committed in furtherance of the conspiracy). The conspiratorial objective was not achieved on the date of the marriage, August 22, 1999, because the objective of the conspiracy was not to marry a United States citizen. Rather, the objective of the criminal conspiracy, as identified in the criminal information to which Ashraf voluntarily pled guilty, was for "Pakistani nationals to fraudulently establish a legal means through their marriages in which to adjust their status from Pakistani nationals to lawful permanent residents of the United States." In order to adjust his status to that of a lawful permanent resident of the United States, Ashraf was required to file a joint petition with Sperry attesting that the marriage was "not entered into for the purpose of procuring an alien's admission as an immigrant." 8 U.S.C. §§ 1186a(c)(1)(A), (d)(1)(A)(i)(III). Without Ashraf's submission of such

a petition, his status as a permanent resident would have been terminated, and he would have been subject to removal from the United States. The petition was necessary to become a lawful permanent resident of the United States and was therefore a necessary overt act in furtherance of Ashraf's conspiracy to adjust his status through the use of a sham marriage. Ashraf's crime was therefore not complete until July 13, 2002, the date Ashraf signed the petition, which is within five years of September 8, 2000, his date of admission to the United States.

## III.

Accordingly, we uphold the BIA's finding that Ashraf is removable under 8 U.S.C. § 1227(a)(2)(A)(i) as an alien who committed a crime involving moral turpitude within five years of his admission to the United States.

———————————————