# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3901

_____

Hang Dinh

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General[1]

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 16, 2017
Filed: December 1, 2017
[Unpublished]

_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Hang Dinh, a citizen of Vietnam, petitions for review from a final order of the
Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") order

_____

[1]Jefferson B. Sessions, III has been appointed to serve as Attorney General, and
is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

of removal for entering into a fraudulent marriage and willfully misrepresenting a material fact. We deny the petition.

## I.

An American couple, Xuan Nguyen and Trang Pham, divorced on May 13, 2002. Over the course of the next two years, they each became engaged to one of a pair of Vietnamese siblings, Hang and Tai Dinh. Only Hang Dinh's immigration status is at issue in this case. On June 20, 2002, Nguyen filed the Form I-129F, K-1 Fiancée petition on Hang Dinh's behalf. Shortly thereafter, Pham filed the same petition for Dinh's brother, Tai Dinh. Hang Dinh entered the United States on November 15, 2003 and married Nguyen ten days later. Pham and Tai Dinh married in the United States on May 24, 2004.

In 2008, petitioner Dinh filed an application for naturalization in which she listed her home address as 3231 19th Street South, Saint Cloud, Minnesota. During her naturalization interview with the Department of Homeland Security ("DHS"), Dinh claimed her husband owned two houses: one in Saint Cloud at the address listed on her application and another in Alexandria, Minnesota. The interviewing officer came to believe Dinh resided at the Alexandria house while her husband and his ex-wife, Trang Pham, continued to live together at the Saint Cloud house. The officer referred Dinh's case to DHS's fraud detection unit. On August 24, 2010, fraud detection officer Cynthia Holmvik visited the Saint Cloud address and concluded that Nguyen was indeed living with his ex-wife and their children.

DHS commenced removal proceedings in February 2011, charging that Hang Dinh willfully misrepresented a material fact to procure an immigration benefit. See 8 U.S.C. §§ 1182(a)(6)(C)(i), 1227(a)(1)(A). Dinh and Nguyen divorced the next

month.[2] That August, DHS lodged an additional charge of removability for entering into a marriage for the purpose of procuring admission to the United States. See § 1227(a)(1)(G)(ii). Dinh contested both charges before the IJ. After an evidentiary hearing, the IJ found petitioner removable as charged. The BIA affirmed both charges because it determined the evidence was sufficient to demonstrate that Dinh entered into a fraudulent marriage to circumvent the immigration laws. Dinh petitions this court for review, arguing that the government did not meet its evidentiary burden to support either charge.

## II.

In a removal proceeding, DHS must prove by "clear and convincing evidence" that an alien admitted to the United States is removable. 8 U.S.C. § 1229a(c)(3)(A). An alien is removable if she was inadmissible "at the time of entry or adjustment of status." § 1227(a)(1)(A). An alien is inadmissible if, "by fraud or willfully misrepresenting a material fact, [she sought] to procure . . . or has procured[] a visa, other documentation, or admission into the United States or other [immigration] benefit." § 1182(a)(6)(C)(i). An alien is removable for failing to fulfill his or her marital agreement when that agreement "was made for the purpose of procuring the alien's admission as an immigrant." § 1227(a)(1)(G)(ii). To prove a fraudulent marriage, DHS must demonstrate that the parties did not "intend[] to establish a life together at the time they were married." Ibrahimi v. Holder, 566 F.3d 758, 765 (8th Cir. 2009) (citation omitted). The conduct of the parties before and after the marriage is relevant to their intent at the time of the marriage. Matter of Soriano, 19 I. & N. Dec. 764, 765 (BIA 1988).

Whether Dinh's marriage to Nguyen was fraudulent is a question of fact. Abuya v. Sessions, 873 F.3d 650, 652 (8th Cir. 2017). We review the agency's factual findings

---

[2]Tai Dinh and Trang Pham had divorced in September 2010.

under the substantial evidence standard. See Ashraf v. Lynch, 819 F.3d 1051, 1053 (8th Cir. 2016). "Reversal under a substantial evidence standard requires evidence 'so compelling that no reasonable fact-finder could fail to find for' [petitioner]." Agha v. Holder, 743 F.3d 609, 614 (8th Cir. 2014) (citation omitted); 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supports the agency's determination that Dinh entered into a fraudulent marriage with Xuan Nguyen to procure admission to the United States. Officer Holmvik testified that when she first arrived at the Saint Cloud residence she encountered a man outside the home who, when asked, repeatedly claimed that Xuan Nguyen lived in Alexandria, Minnesota. The man admitted that he was in fact Nguyen only after Holmvik showed him a photo of Nguyen's driver's license. Holmvik then observed two cars in the garage, each owned by Nguyen and bearing a personalized license plate with the name of one of his two children with Pham. One of those children, Christina, was born during his marriage to Dinh.[3] Nguyen eventually allowed Holmvik to enter the Saint Cloud residence. Inside, Holmvik saw Nguyen's clothes in the master bedroom closet and his financial records on the kitchen counter. She also observed a 2006 Christmas card photo of Nguyen, Pham, and their only child at the time, Xander. After the visit, Holmvik subpoenaed Xander's school records, which listed Nguyen's address as 3231 19th Street South, Saint Cloud, Minnesota.

Taken together with the circumstances surrounding Hang Dinh's arrival in the United States and Nguyen's out of wedlock child, Holmvik's testimony amounts to substantial evidence that Dinh and Nguyen did not intend to establish a life together at the time they were married. See Ibrahimi, 566 F.3d at 765. The agency considered the financial paperwork Dinh provided to prove the validity of her marriage and properly concluded that it did not outweigh the evidence that Nguyen and Trang Pham continued

---

[3]Dinh claims she did not know about Christina, who was born in 2007, until after Holmvik's 2010 visit. According to Holmvik, Nguyen said during the visit that Dinh was aware of Christina and that he had another child with his ex-wife because Dinh could not have children.

to live together as a married couple after their marriages to Hang and Tai Dinh, respectively. Petitioner has not shown it was error for the IJ to consider as a relevant credibility factor Nguyen, Pham and Tai Dinh's respective decisions to plead the Fifth Amendment. See 8 U.S.C. § 1229a(c)(4)(C) ("[T]he immigration judge may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness . . . ."). Moreover, it is clear that consideration was not remotely dispositive.

Because we conclude that substantial evidence supports the agency's finding that petitioner entered into a fraudulent marriage to procure an immigration benefit in violation of § 1227(a)(1)(G)(ii), we also conclude that she willfully misrepresented a material fact–that her marriage to Nguyen was bona fide–under §§ 1227(a)(1)(A), 1182(a)(6)(C)(i).

Accordingly, we deny the petition for review.

_____