[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13198
Non-Argument Calendar

_____

D.C. Docket No. 2:90-cr-00001-RWS-SSC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY RONALD DUKE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 2, 2018)

Before ED CARNES, Chief Judge, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

In March 1991 Larry Duke was convicted of drug offenses and sentenced to life imprisonment, ten years of supervised release, and a $25,000 fine. In March 2015 the district court granted the government's motion to reduce Duke's term of imprisonment to time served and ordered Duke's immediate release. Four months later the United States Probation Office petitioned to modify the conditions of his supervised release to provide that Duke would pay a monthly payment of $50 towards the balance of his $25,000 fine. Duke consented to the modification, and the district court approved it. Over a year later Duke moved to terminate the remaining balance of his fine under 18 U.S.C. § 3613(b), and the district court denied his motion. This is his appeal.

Duke contends that the district court erred by applying the termination of liability provision set out in the Mandatory Victims Restitution Act of 1996, instead of the one set out in the Victim and Witness Protection Act of 1982, and by concluding that he waived his ability to challenge the collection of the $50 payments. We review de novo questions of law. United States v. Rojas, 718 F.3d 1317, 1319 (11th Cir. 2013). Whether a party's conduct amounts to waiver is a legal conclusion that we review de novo. See Ivax Corp. v. B. Braun of Am., Inc., 286 F.3d 1309, 1316 (11th Cir. 2002); United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993).

2

The petition to modify the conditions of Duke's supervised release noted that Duke had "$19,298.24 remaining on his fine balance." It added: "[T]he offender is a disabled veteran and receives social security benefits in the amount of $1,073 per month. Based upon his income, this officer recommends that the [c]ourt set his monthly fine payment in the amount of $50 per month." Duke signed the third page of the petition, which was titled "Waiver of Hearing to Modify Conditions of Supervised Release." The form stated that he "voluntarily waive[d] [his] statutory right to a hearing and to assistance of counsel" and also that he agreed to "pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release, at a rate of $50 per month."

The problem, though, is that there was no fine that Duke was obligated to pay when his supervised release began. The Victim and Witness Protection Act of 1982 was in effect at the time of Duke's 1991 conviction, and it stated that "liability to pay a fine expires (1) twenty years after the entry of the judgment; or (2) upon the death of the individual fined." 18 U.S.C. § 3613(b) (1991). Judgment was entered in Duke's criminal case on March 22, 1991, meaning that his fine expired on March 22, 2011. As a result, there was no "financial penalty . . . that remain[ed] unpaid at the commencement of the term of [his] supervised release" in 2015. See id. The district court applied the Mandatory Victims Restitution Act of

3

1996, but that statute applies only to "sentencing proceedings in cases in which the defendant is convicted on or after" April 24, 1996.  Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 211, 110 Stat. 1214, 1241 (1996).  Because Duke was convicted before April 24, 1996, the district court erred in applying the Mandatory Victims Restitution Act.  See United States v. Fuentes, 107 F.3d 1515, 1527 (11th Cir. 1997) (explaining that the Mandatory Victims Restitution Act did not apply to a defendant convicted before April 24, 1996).

The district court also erred in ruling that Duke waived his right to challenge the collection of his fine.  There is nothing in the record indicating that he "intentionally relinquished" his right to terminate the balance of his fine under § 3613(b)'s termination of liability provision.  See Witt v. Metro. Life Ins. Co., 772 F.3d 1269, 1279 (11th Cir. 2014) (stating that "waiver is the voluntary, intentional relinquishment of a known right" that "requires (1) the existence, at the time of the waiver, of a right, privilege, advantage, or benefit which may be waived; (2) the actual or constructive knowledge thereof; and (3) an intention to relinquish such right, privilege, advantage, or benefit") (quotation marks and alterations omitted).  The waiver form that Duke signed did not mention that he was no longer liable to pay the fine.  And in any event, his fine had already expired at the time he purportedly "waived" his right to challenge it.  Nor is there anything in the record that "make[s] out a clear case" that Duke impliedly waived his right

to challenge the collection of his fine.  See id. ("[T]he acts, conduct, or circumstances relied upon to show [implied] waiver must make out a clear case.").

Because Duke did not waive his right to challenge the collection of his fine, and because his fine expired in March 2011, the district court erred in denying Duke's motion to terminate the remaining balance of his fine under 18 U.S.C. § 3613(b).

**VACATED AND REMANDED.**