[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10039
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-20699-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LOITE GALINDO,

Defendant-Appellant.

_____

No. 19-10040
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-20427-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LOITE GALINDO,

Defendant - Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(January 9, 2020)

Before GRANT, TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

Loite Galindo appeals his 84-month sentence imposed following his convictions for health care fraud, money laundering, and conspiracy to commit those offenses. Galindo brings two issues on appeal, which we address in turn. After review,[1] we affirm Galindo's sentence.

## I. DISCUSSION

A. *Sophisticated means enhancement*

Galindo asserts the district court clearly erred by applying the two-level sophisticated means enhancement under U.S.S.G. § 2B1.1(b)(10)(C) because

---

[1] We review a district court's decision to impose sentencing enhancements for clear error. *United States v. Sosa*, 777 F.3d 1279, 1300 (11th Cir. 2015). Review for clear error is deferential, and "we will not disturb a district court's findings unless we are left with a definite and firm conviction that a mistake has been committed." *Id*. (quotations omitted).

2

nothing in this case was especially complex, intricate, or sophisticated.  Under

§ 2B1.1(b)(10)(C), a defendant's offense level is enhanced by two levels if the

offense "involved sophisticated means and the defendant intentionally engaged in

or caused the conduct constituting sophisticated means."  U.S.S.G.

§ 2B1.1(b)(10)(C).  "'Sophisticated means' means especially complex or

especially intricate offense conduct pertaining to the execution or concealment of

an offense."  *Id.* comment. (n. 9(B)).  Examples of sophisticated means listed in the

commentary include "hiding assets or transactions, or both, through the use of

fictitious entities, corporate shells, or offshore financial accounts."  *Id*.  However,

the application notes do not limit the ways in which a defendant could use

sophisticated means to conceal his crime.  *See United States v. Clarke*, 562 F.3d

1158, 1165 (11th Cir. 2009).

In gauging sophistication, the court must examine the totality of the

defendant's conduct, as there is no requirement that each of the defendant's

individual actions be sophisticated.  *United States v. Ghertler*, 605 F.3d 1256, 1267

(11th Cir. 2010).  Use of repetitive, coordinated conduct to perpetuate and conceal

a fraud scheme supports this enhancement.  *United States v. Bane*, 720 F.3d 818,

826-27 (11th Cir. 2013).  In previous cases involving Medicare fraud, we have

affirmed the application of the sophisticated means enhancement where the

defendant hired a billing service through which the company submitted more than

$1,000,000 in false claims in three months, the company surreptitiously paid patients to receive inexpensive injections while billing for expensive drugs, and the defendant took a portion of his profits through a company he owned rather than receiving a check directly. *See United States v. Sosa*, 777 F.3d 1279, 1302 (11th Cir. 2015). Likewise, we have affirmed the enhancement where the offense involved the use of kickbacks, the falsification of group therapy notes, and the laundering of proceeds from the fraud. *See United States v. Moran*, 778 F.3d 942, 977 (11th Cir. 2015).

The district court did not clearly err in applying a sophisticated means enhancement. Galindo hired a Medicare biller to repetitively bill LINET, a specific program of Medicare Part D, for months and paid him $5,000 each time he billed the program. Furthermore, Galindo used nominee owners to hide his ownership of Gables and Olorun, which were phantom pharmacies. He took steps to conceal the offense by laundering some of the fraud proceeds through other companies for a fee and directed his codefendants to launder the money using personal accounts. Thus, we affirm in this respect.

B. *Aggravating role enhancement*

Galindo also contends the district court clearly erred by applying the four-level leader or organizer enhancement under U.S.S.G. § 3B1.1(a) because the Government's only evidence that he owned two of the three pharmacies was

4

hearsay and he consistently denied owning those pharmacies. "The government must prove the existence of an aggravating role by a preponderance of the evidence." *United States v. Alred*, 144 F.3d 1405, 1421 (11th Cir. 1998). "A sentencing court may consider any evidence, regardless of its admissibility at trial, in determining whether factors exist that would enhance a defendant's sentence, provided that (1) the evidence has sufficient indicia of reliability, (2) the court makes explicit findings of fact as to credibility, and (3) the defendant has an opportunity to rebut the evidence." *United States v. Hernandez*, 906 F.3d 1367, 1369 (11th Cir. 2018). We have upheld enhancements solely based on hearsay under these considerations. *See United States v. Zlatogur*, 271 F.3d 1025, 1031 (11th Cir. 2001) (upholding an enhancement for obstruction of justice where a government agent testified about the statements of an unindicted co-conspirator).

The sentencing guidelines prescribe a four-level enhancement for a defendant who (1) was an organizer or leader of a criminal activity that (2) involved either five or more participants or was otherwise extensive. U.S.S.G. § 3B1.1(a). We examine whether a defendant was an organizer or leader, as compared to a manager or supervisor, by considering the following factors:

> (1) the exercise of decision making authority, (2) the nature of participation in the commission of the offense, (3) the recruitment of accomplices, (4) the claimed right to a larger share of the fruits of the crime, (5) the degree of participation in planning or organizing the offense, (6) the nature and scope of the illegal activity, and (7) the degree of control and authority exercised over others.

*United States v. Shabazz*, 887 F.3d 1204, 1222 (11th Cir. 2018).  In many cases where we have affirmed the district court's application of the four-level enhancement, "there was evidence that the defendant had recruited participants, had instructed participants, or had wielded decision-making authority." *Id.* (quotations omitted).

Galindo admitted at the plea colloquy that he was the true owner of the Gables and Olorun pharmacies and conspired to launder the fraud proceeds, so he cannot now contest these facts.  *See United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009) (stating a fact admitted to during a guilty plea cannot later be contested when it appears in the defendant's PSI).  Based on the PSI and Agent Eddie Calienes' testimony, Galindo hired Juan Carmanate for his expertise in billing Medicare and LINET, directed him to bill LINET on the understanding the patients were not legitimate, and paid him $5,000 per billing cycle.  Furthermore, he contracted with two private companies to launder fund proceeds for Gables and Olorun and directed their nominee owners to launder other fund proceeds through personal accounts.  He also took the lion's share of the fraud proceeds.  Therefore, he exercised decision-making authority, recruited accomplices, claimed the largest share of fraud proceeds, and organized the offense—all of which are relevant to the application of the four-level leadership enhancement.  The Government proved

6

Galindo was a leader or organizer by a preponderance of the evidence, and thus the district court did not clearly err in imposing the enhancement.

## II.  CONCLUSION

The district court did not clearly err in applying a sophisticated means enhancement because Galindo used nominee owners to conceal his true ownership; targeted LINET, a specific program of Medicare Part D; and laundered a portion of the fraud proceeds through private businesses and the nominee owners' personal bank accounts.  The district court did not clearly err in applying a four-level leadership or organizer enhancement because Galindo was the true owner of all three pharmacies, received the lion's share of the fraud proceeds, directed the nominee owners to launder money, and hired an expert in pharmacy billing to defraud Medicare.  Accordingly, we affirm Galindo's sentence.

**AFFIRMED.**