[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10806
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-20404-BB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MATTHEW LEE PRYOR,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(August 5, 2020)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Matthew Pryor appeals his total 600-month sentence for assaulting a federal

officer with a deadly weapon in violation of 18 U.S.C. § 111(a) and (b); possessing

and discharging a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii); carjacking in violation of 18 U.S.C. § 2119(1); brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and possessing a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  Pryor raises two arguments on appeal.  First, he says he should benefit from Section 403 of the First Step Act of 2018, which changed the sentencing scheme for a defendant's second § 924(c) conviction.  Second, he requests remand to the district court for reconsideration of his career offender status in light of Amendment 798 to the Sentencing Guidelines.  After careful review, we affirm Pryor's convictions and sentence and deny his request for remand to the district court.

## I.

Pryor pled guilty to all charges against him in October 2015.  Before sentencing, Pryor's presentence investigation report ("PSR") determined he was a "career offender" under the U.S. Sentencing Guidelines.  The PSR based Pryor's career offender status on three prior "violent" felony convictions: two Florida convictions for burglary of a dwelling and one Florida conviction for resisting an officer with violence.

The PSR also found Pryor was subject to two mandatory consecutive sentences for his two § 924(c) convictions under 18 U.S.C. § 924(c)(1)(A) and (C).

2

The first § 924(c) conviction prescribed a mandatory consecutive sentence of at least 10 years under § 924(c)(1)(A)(iii), and the second § 924(c) conviction mandated a 25-year consecutive sentence under § 924(c)(1)(C)(i).

Pryor objected to his career offender designation.  He argued that Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act, also applied to the similar residual clause in the Sentencing Guidelines' career offender provision at U.S.S.G. § 4B1.2(a)(2).  Pryor argued his previous burglary convictions no longer qualified as crimes of violence under § 4B1.2(a)(2), and thus he could not be adjudicated a career offender.  However, Pryor acknowledged that his claim was foreclosed by United States v. Matchett, 802 F.3d 1185 (11th Cir. 2015), which held that Johnson did not invalidate the career offender guideline's residual clause.  See id. at 1195–96.  Citing Matchett, the district court overruled Pryor's objection to career offender status.

Pryor was sentenced in January 2016.  He received 180-month terms on both the carjacking and assault charges and a 120-month term for the felon-in-possession charge, all running concurrently.  He also received a mandatory consecutive term of 120-months for the first § 924(c) charge of carrying a firearm during a crime of violence, and another mandatory consecutive term of 300-months for the second § 924(c) charge.  Pryor's total sentence was 600-months

incarceration.  The government timely appealed this judgment, and Pryor cross-appealed.  The government dismissed its cross-appeal in December 2018.

While Pryor's appeal was pending, Congress passed the First Step Act of 2018, Pub. L. 115-391.  As relevant here, the Act revised the § 924(c) sentencing scheme.  It changed the language of § 924(c)(1)(C) to impose a consecutive mandatory 25-year sentence for a second § 924(c) conviction only if a prior § 924(c) conviction was already finalized.  Pub. L. 115-391, § 403.  In simple terms, the Act did away with the 25-year consecutive sentence requirement for defendants charged with a first and second § 924(c) violation in the same prosecution.  See id.

## II.

We review de novo the interpretation of a criminal statute.  United States v. Hernandez, 906 F.3d 1367, 1370 (11th Cir. 2018).  Likewise, we review de novo the district court's determination of career offender status under the Sentencing Guidelines.  United States v. Whitson, 597 F.3d 1218, 1220 (11th Cir. 2010) (per curiam).

## III.

### A.

Pryor argues he should benefit from the First Step Act and be resentenced without a 25-year mandatory minimum sentence for his second § 924(c) violation.

The government responds that the First Step Act does not apply to Pryor because he was sentenced by the district court almost three years before the Act was passed and the Act is not retroactive.

At the time Pryor was sentenced in January 2016, 18 U.S.C. § 924(c)(1)(C) provided for a 25-year mandatory minimum consecutive sentence if a defendant had "a second or subsequent conviction under [§ 924(c)]." § 924(c)(1)(C) (2012). This subsection imposed the mandatory minimum on a defendant who was convicted of two § 924(c) violations in a single prosecution, as Pryor was. See Deal v. United States, 508 U.S. 129, 132, 113 S. Ct. 1993, 1996 (1993).

In December 2018, Congress enacted the First Step Act, Pub. L. No. 115-391. Section 403 of the Act is titled "Clarification of Section 924(c) of Title 18, United States Code." Section 403 amended 18 U.S.C. § 924(c)(1)(C) to impose the 25-year minimum sentence only if "a violation of this subsection [§ 924(c)] occurs after a prior conviction under this subsection has become final." See § 403(a) (emphasis added); 18 U.S.C. § 924(c)(1)(C). Under this new language, Pryor's two simultaneous § 924(c) convictions would not warrant a 25-year mandatory minimum consecutive sentence.

Section 403(b) of the First Step Act explains that the Act applies to "Pending Cases" for "any offense that was committed before the date of the Act, if a sentence for the offense has not been imposed as of such date of enactment." Pub.

5

L. No. 115-391, § 403(b).  Pryor's crime was committed before the Act was passed in 2018.  Pryor acknowledges that he was sentenced nearly three years before the Act was passed.  Nevertheless, he says the First Step Act applies to his sentence.  He primarily reasons that his sentence has not been "finally imposed" within the meaning of Section 403(b), because his direct appeal is still pending and his sentence has not yet been affirmed.  Br. of Appellant at 9–10.  The government says the First Step Act does not apply to Pryor.  The government maintains that a sentence is "imposed" by the district court when it pronounces the defendant's term of imprisonment and enters his judgment of conviction.

Our Court recently resolved this issue in United States v. Smith, ___ F.3d. ___, 2020 WL 4355560 (11th Cir. July 30, 2020).  We held that "a sentence is 'imposed' for purposes of § 403(b) [of the First Step Act] when it is pronounced in the district court."  Id. at *12.  Because Pryor's sentence was imposed by the district court before the passage of the First Step Act, he cannot receive First Step Act relief.  Therefore, we affirm his enhanced sentence under 18 U.S.C. § 924(c)(1)(C).

## B.

Pryor also seeks a remand of his case for reconsideration of his career offender status in light of Amendment 798 to the Sentencing Guidelines' career

6

offender provisions.  See U.S.S.G. App. C, amend. 798 (Aug. 1, 2016).  We conclude that Pryor is not eligible for this relief.

Amendment 798 changed the career offender provisions of the Sentencing Guidelines by removing burglary of a dwelling from Guidelines § 4B1.2(a)(2)'s enumerated offenses and eliminating § 4B1.2(a)(2)'s residual clause defining a "crime of violence."  See U.S.S.G. App. C, amend. 798.  By eliminating the residual clause of § 4B1.2(a)(2), Amendment 798 responded to the Supreme Court's ruling in Johnson, which held unconstitutional the Armed Career Criminal Act's identically worded residual clause.  See U.S.S.G. App. C, amend. 798 (citing Johnson, 135 S. Ct. at 2563).

Under Amendment 798, Pryor would no longer be considered a career offender.  His career offender status was based on at least two Florida burglary convictions and one Florida conviction for resisting an officer with violence.  Without the burglary convictions as enumerated offenses and without the residual clause, Pryor would have only one felony conviction to support his career offender status.  See U.S.S.G. § 4B1.1(a) (requiring "at least two prior felony convictions" for career offender status).

However, Pryor cannot benefit from Amendment 798.  This Court has held that Amendment 798 does not apply retroactively to defendants sentenced before it took effect.  See United States v. Martin, 864 F.3d 1281, 1283 (11th Cir. 2017)

7

(per curiam).  We are bound by this precedent unless it is overruled by this Court sitting en banc or by the Supreme Court.  Smith v. GTE Corp., 236 F.3d 1292, 1300 n.8 (11th Cir. 2001).  Pryor was sentenced in January 2016, and the Amendment went into effect on August 1, 2016.  As a result, Amendment 798 does not change Pryor's career offender status.

Pryor asks us to follow the First Circuit's decision in United States v. Godin, 522 F.3d 133 (1st Cir. 2008) (per curiam).  Godin remanded a case for resentencing so the district court could consider the persuasive effect of a non-retroactive, newly enacted amendment to the Sentencing Guidelines.  Id. at 134–36.  The district court in Godin did not consider this amendment at sentencing, because the amendment had not yet been proposed.  See id. at 134.

Pryor's case stands in contrast to Godin.  The district court in Pryor's case considered the proposed Amendment 798 and its persuasive effect on Pryor's career offender status.  At sentencing, Pryor's attorney told the court, "[T]he Sentencing Commission just eliminated the residual clause from Career Offender, and that's going to go into effect on August 1st."  Counsel explicitly asked the district court for "a variance . . . because [applying career offender status] conflicts with the Sentencing Commission."  The government conceded that "[t]here is a basis for the Court to consider a variance because of the actions of the Sentencing Commission."  After considering these arguments, the district court sentenced

8

Pryor as a career offender under the residual clause of Guidelines § 4B1.1. The district court relied on this Court's decision in <u>Matchett</u>, which held the residual clause in the career offender guideline was not unconstitutionally vague. <u>See</u> 802 F.3d at 1196; <u>see also</u> <u>Beckles v. United States</u>, 580 U.S. ___, 137 S. Ct. 886, 897 (2017) (affirming <u>Matchett</u>'s holding).

The sentencing court already considered Pryor's Amendment 798 arguments and chose to sentence him as a career offender. <u>Godin</u> does not therefore support remand in his case. <u>Cf.</u> <u>United States v. Alexander</u>, 553 F.3d 591, 593 (7th Cir. 2009) (denying remand under <u>Godin</u> because the defendant had the chance to argue for a reduced sentence using a proposed guideline amendment, but he "failed to draw the sentencing judge's attention to the proposal"). We must affirm Pryor's designation as a career offender and therefore decline to remand his case.

**AFFIRMED.**