[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No.  20-12612
Non-Argument Calendar

————————————————

D.C. Docket No. 1:15-cr-20471-RNS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCESCO FLABIO GUERRA PEREZ,
a.k.a. Alvaro Rios,
a.k.a. Juan Diaz,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(January 21, 2021)

Before LAGOA, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Francesco Flabio Guerra Perez appeals his 90-month concurrent sentences for thirteen counts of mail fraud, wire fraud, conspiracy to commit mail and wire fraud, and attempted extortion. Guerra Perez argues that the district court erred in applying a three-level enhancement to his sentence based on a finding that he was a manager or supervisor in a criminal activity involving five or more people. Guerra Perez challenged the sufficiency of the government's evidence at sentencing, but he did not challenge the reliability, authenticity, or credibility of that evidence. Because the evidence shows that Guerra Perez more likely than not was a manager or supervisor in a criminal activity, we cannot conclude that the court erred. Accordingly, we AFFIRM.

## BACKGROUND

We presume familiarity with the factual and procedural history and describe it below only to the extent necessary to address the issues raised in this appeal.

Guerra Perez pleaded guilty to being involved in a criminal scheme involving a call center with employees in Peru and Miami. The center employed dozens of individuals who together impersonated a business's "legal department." The scheme involved an employee calling a victim in the United States with a false claim that the victim had failed to accept delivery of and pay for products from unaffiliated companies. The employee then would state that the victim was liable for substantial costs arising from the failed delivery and that the victim faced potential deportation,

2

detention, negative credit reports, confiscation of property, and community service. To avoid these measures, the victim could instead settle the claim for a fraction of the fraudulent total. Once the call center employee received an extorted settlement, the center would send a package to the victim with the products that the victim had allegedly purchased. The center then used shipping records of these packages to defend against victim complaints and payment refund requests. Those involved in this fraudulent scheme duped more than 8,400 victims out of more than $1.5 million.

The scheme came to an end in 2015 when Guerra Perez and his co-conspirators were arrested in Peru. Four years later, they were extradited to the United States where Guerra Perez pleaded guilty to thirteen counts of mail fraud, wire fraud, conspiracy to commit mail and wire fraud, and attempted extortion. Guerra Perez's presentence investigation report set his base offense level at seven and enhanced it by 29 levels. Guerra Perez objected to a three-level enhancement for his role as a supervisor or manager and requested a downward variance based on his youth and the difficult conditions of being imprisoned in Peru while he contested extradition.

The government opposed the motion and attached to its opposition a series of relevant exhibits, including an affidavit signed by U.S. Postal Inspector Bryan Masmela, who had acted as the lead case agent. The government also presented statements from two call center managers in Peru, Johnny Hidalgo and Rodolfo

Hermoza Vega, and from one of Guerra Perez's former Miami colleagues, Cinthya Guerrero. Guerrero stated that Guerra Perez supervised the call center, trained employees, processed payments, and worked with the Florida employees to address victim complaints. The government provided emails that corroborated her declaration by describing Guerra Perez's transition to an administrative role. Both Hidalgo and Hermoza Vega identified Guerra Perez as a manager or supervisor. And Guerra Perez described himself as management on his Facebook page.

At sentencing, Guerra Perez spoke at length about his role in the scheme and his relative culpability compared to that of the other defendants. Masmela was present at the hearing, but Guerra Perez did not question him. The court overruled Guerra Perez's objection to the aggravating-role enhancement but granted his motion for a downward variance and sentenced him to concurrent terms of 90 months' incarceration.

## DISCUSSION

Guerra Perez asks us to remand his case for resentencing. He argues that the district court erred in applying a three-level aggravating-role enhancement for a "defendant [who] was a manager or supervisor (but not an organizer or leader) and [where] the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b). He argues that the government failed to present

4

sufficient and reliable evidence at sentencing to show he had control or supervisory authority over any other individuals involved in the conspiracy.

Most of Guerra Perez's arguments are being raised for the first time on appeal. At sentencing, Guerra Perez argued that he never managed or supervised anyone, was subordinate to Hidalgo and Hermoza Vega, and was not compensated as a manager or supervisor. But only now has he specifically argued that neither the government's evidence nor witnesses were properly presented at sentencing for a credibility determination; that the affidavit, declaration, and Facebook page were all unreliable hearsay; and that many of the government's documents were not authenticated.

We review for clear error a district court's decision to impose an aggravating-role enhancement at sentencing. *United States v. Sosa*, 777 F.3d 1279, 1300 (11th Cir. 2015). Clear error review is deferential, and we will disturb a district court's factual findings only if we are left with "a definite and firm conviction that a mistake has been committed." *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016) (cleaned up).

When an argument is raised for the first time on appeal, however, we review for plain error. *United States v. Henderson*, 409 F.3d 1293, 1307 (11th Cir. 2005). To reverse under the plain error standard, "we must conclude that: (1) an error occurred, (2) the error was plain, (3) the error affected substantial rights in that it

5

was prejudicial and not harmless, and (4) the error seriously affected the fairness, integrity, or public reputation of a judicial proceeding." *United States v. Perez*, 661 F.3d 568, 583 (11th Cir. 2011). That test is satisfied if the district court contravenes either the explicit language of a statute or rule or controlling precedent from the Supreme Court or this Court. *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

When sentencing a defendant, the district court may consider any information with sufficient indicia of reliability to support its probable accuracy. U.S.S.G. § 6A1.3(a). Such information might include written statements of counsel or affidavits of witnesses and need not be admissible at trial. *Id*. § 6A1.3, cmt. The sentencing court may consider the evidence so long as: (1) it has sufficient indicia of reliability, (2) the court makes explicit credibility findings, and (3) the defendant has an opportunity to rebut the evidence. *United States v. Hernandez*, 906 F.3d 1367, 1369 (11th Cir. 2018). But we will not necessarily reverse or remand a district court's failure to make explicit findings regarding the reliability of a witness's hearsay testimony "where the reliability of the statements is apparent from the record." *United States v. Docampo*, 573 F.3d 1091, 1098 (11th Cir. 2009) (cleaned up).

Here, the sentencing court did not err in applying an aggravating-role sentencing enhancement and its finding did not contravene the Sentencing

6

Guidelines or controlling precedent. Guerra Perez objects that the court did not make detailed factual findings at sentencing. But no such detailed findings were required because the court found that the undisputed facts clearly established that Guerra Perez had a role as a supervisor or manager in a criminal activity involving more than five people.

Nor was the court required to make an explicit determination that the government's evidence was reliable; sufficient indicia of reliability were apparent from the record. Masmela's statements were detailed and corroborated by the government's other evidence. The statements of Hidalgo, Hermoza Vega, and Guerrero were all made under oath or under penalty of perjury and were against each person's penal interests. Each statement identified Guerra Perez as a manager or supervisor. Guerra Perez also identified himself as management in a statement on his Facebook page. If Guerra Perez disputed this evidence, he should have developed those objections at sentencing. For example, he could have cross-examined Masmela, who was present at sentencing, to challenge Masmela's credibility or the reliability of his affidavit. But he did not.

The evidence presented supports the district court's finding that Guerra Perez was a manager or supervisor in a criminal activity. Guerra Perez relies on seven factors in the Guidelines commentary to evaluate whether a role enhancement was warranted, but those factors apply to "distinguishing a leadership and organizational

role from one of mere management or supervision." U.S.S.G. § 3B1.1 cmt. n.4. Accordingly, even if we were to agree with Guerra Perez's analysis of these factors, we would only know that Guerra Perez was not in a leadership or organizational role; we would not know much about whether he held a management or supervision role. Regardless, the evidence from the statements and Guerra Perez's own Facebook account support the court's finding that Guerra Perez was a manager or supervisor and, therefore, that the aggravating-role enhancement applied.

## CONCLUSION

The court did not err in applying the aggravating-role enhancement to Guerra Perez's sentence. The sentence is **AFFIRMED**.